Good morning, Your Honors. May it please the Court, Elizabeth Dahlstrom on behalf of Petitioner Appellant Ricky Benjamin. Your Honors, this case involves a wrongful conviction. Wrongful in that Mr. Benjamin is likely innocent, but also wrongful in that the trial he had was sufficient representation by a trial lawyer who is now disbarred, DNA evidence that wasn't subject to meaningful confrontation, and also late-discovered Brady evidence that one of the state's main witnesses was paid thousands of dollars in undisclosed benefits. Counsel, the statement you made about the trial lawyer, is that in the record that he was disbarred? It is in the motion for judicial notice. We moved for notice of those records. And according to those records, why was this counsel disbarred? He was disbarred for misconduct in, I believe, a securities fraud case. So that really has nothing to do with this case, right? Well, Your Honor, if the Court were to remand and view the ineffective assistance of counsel case, I think it is relevant that the trial lawyer has been disbarred. I'm having difficulty connecting that. He may have been really, really, really bad in a securities law case, but I'm not understanding how that has anything to do with this case. We have to look at what he did in this case, right? Well, respectfully, Your Honor, the new ineffective assistance of counsel claim is part of claim 4, and that's really a procedural request for a remand. We aren't actually asking this Court to decide the underlying merits of those claims. Well, that brings us to the question of what is before us here. I mean, you digested, I think, four points. Which are on appeal to us at the moment? Which four issues are on appeal? Which appeals do you think we are required to decide in this case? Which issues? There are three substantive issues that were raised on direct appeal. They are fully exhausted, and they are before this Court. Those are the Jackson v. Virginia claim, a record-based ineffective assistance of counsel claim for failure to suppress the eyewitness identification, and then a third substantive claim on the confrontation clause for the admission of the DNA evidence. Claim 4 is the request for a remand, and that is a procedural request for relief. You want a remand so that you can move the district court for leave? That's correct, Your Honor. To amend the petition to add new claims, and then to ask the district court to stay the amended petition so you can go back and exhaust. That's correct, Your Honor. We're actually in the middle of exhausting already. These claims have been presented to state court. There's been an order to show cause issued. An evidentiary hearing is planned on them, so they would need to be fully... In state court? Yes. It's scheduled for March 11th currently. So can we just talk for a minute about your request for a remand? Yes. So there's a final judgment that's in place, correct? I mean, that's what you're appealing from is a judgment. Yes, of the pro se initial petition, yes. So how do we get around the idea of the new claims would be successive? Well, Your Honor, the best case for our position on that is Ching from the Second Circuit, and it basically says that finality doesn't mean something different in a second or successive context than it means in other contexts. That is when a case goes on appeal, it's not yet final. So if a petitioner files a second petition while the case is still pending on appeal, that is not truly second or successive within the meaning of the ADPA. Do we have any law on that in this circuit? Nothing directly on point. The respondent cited the Beattie case, which is frankly different than this case because in that case, the petitioner was capital. He had counsel at all times. He went all the way up on his first appeal and then back down on a remand and then moved to amend the claim. So he first brought his new claims in a much later and different posture. But had the judgment in that case been vacated? Pardon me? Had the judgment in that case been vacated? No, I think that it went up to the circuit court and there was a remand on a single claim and then it went back down and then he moved to amend. So let me think. So are you asking for a limited remand? Yes, Your Honor. And would that have the effect of opening up the judgment? Or would we have to say vacate the judgment and consider? I don't think you would have to vacate the judgment of the district court because you could either decide the current claims or defer ruling on them until after a remand was complete in the case. Well, don't you think if we remanded, the district court would say, sorry, under 60B, this is a new claim after the time is run and therefore you've got to file a secondary successive petition? Your Honor, I agree that Rule 60B motions can't be used to bring new claims. That's part of why we didn't bring a Rule 60B motion in this case. But if there were a remand, it would be because this isn't a second or successive petition and the district court would simply treat it as a motion to amend and would decide all of the other procedural issues that might come up on the new claims. You want us not just to remand but to say that this is not a second or successive petition but that the district court has authority to consider the new claim? Yes, Your Honor. Wouldn't that concept allow almost any habeas petitioner to undermine the whole concept of a second or successive claim if you just say, well, I realize I've fully litigated this, but I found something else I want to do, so I want you to treat this as a limited remand and tell the district court to permit me to amend and then it's not second or successive. Your Honor, I certainly understand the court's concern about opening the floodgates to late petitions, but I think the standard in 2106 that this court may remand when it's just under the circumstances confines the possibility that this could apply to every case. I mean, the new Brady evidence in this case is, frankly, very unique. And with all due respect to the state, I don't think these kind of Brady issues come up in very many cases. Well, on the Brady issue, are you arguing anywhere that because you had no way of knowing about the issue within the year that the second and successive petition rule can't be applied to a Brady issue? Your Honor, we didn't specifically address particular statute of limitations questions. We think the district court should address those in the first instance. But we did make that argument in response to respondents' allegation that there was any good cause because certainly some of this evidence was under seal in state court. The evidence that this witness was paid was maintained under seal. When did you first learn about the fact that the witness was paid? Our initial petition was based on a declaration from the witness's son who said, I recall that my mother was paid. And we had to file a petition and get discovery to make sure that what he saw was connected to this case. It was, in fact, payment for this case. And it wasn't until we got the police receipts that proved that this witness didn't receive thousands of dollars in cash in connection with this case. Wouldn't you be able to present that in an SOS claim if it truly was new and you didn't know about it before? Your Honor, a petitioner can bring an SOS. But the standard, frankly, is much higher. It's significantly higher. And there always has to be a connection to innocence. And there's not always a connection to innocence in Brady claims. Sometimes they're simply about impeachment. Now, I think at this point we can prove that there is a connection to innocence because the payments to this witness may have influenced the truthfulness of her testimony. You do acknowledge that, you even used the word yourself, this opens the floodgates. If we were to grant the limited remand that you asked for, everybody would ask for this, right? Your Honor, respectfully, I think maybe several would ask. But this is, frankly, a very unique case. I don't think these circumstances. You have the unique Brady claim. Pardon me? You have a Brady claim where you can argue that you just learned about this information. Yes, Your Honor. Well, as I understand it, the only floodgates that would be opened would be for a case that came up on direct and was appealed. And during the course of the appeal, this request is made. It's not that anybody could do it because it's anybody who didn't do it in the district court but wants to do it in the court of appeals. It's limited to that. Correct, Your Honor. If somebody, if it wasn't, wouldn't have been timely in the district court, it's not timely in the court of appeal. So it does seem to me it's a somewhat limited case. And that doesn't mean you can do it, but it means that there aren't that many cases in which this happens.  I would agree, Your Honor. But the Brady issue is a different one. And, you know, I think it's an interesting issue about whether if the state conceals evidence and you don't learn about it until after the time has run, whether you can be barred simply because the state concealed the evidence. Aside from the facts in this case, that's an interesting legal issue, which I raise at some point, whether now or when the state proceedings are exhausted, and then you come back. Yes, Your Honor. Are you going to stay with this case? Yes, I'm committed to this case. Okay, because that's good. I hope we'll see you again if we don't. We don't want to see you committed. Your Honor, I see I only have a few minutes remaining. Okay, don't worry about that. This case may be a little underrated. Okay. Unless there's further questions on the remand or the underlying claims, I would like to briefly address Claim 3, which is the confrontation claim, because in the orders from this Court, it noted that it was related to the prior case, Mr. Shin. They have some related issues, and I just would like to address that. Tell us why this isn't controlled by Williams v. Illinois. Two reasons. First, Williams v. Illinois came out after the state court opinion was rendered, so it does not clearly establish federal law for the state court opinion. Second, Williams is factually very different than this case, and that's a point that the district court didn't fully appreciate. They are both DNA cases, but in this case, the DNA report specifically identified my client's DNA as being present on the record. It was admitted into evidence. We've moved for judicial notice of that report. It's at 228 of the motion for judicial notice. The analyst who testified simply read it directly into the record, had nothing independent to base her opinion on. Now, in Williams, it was a much different situation, because that DNA report did not go into evidence. She did not rely on it for the truth, and she simply used that report in conjunction with other testing to form an independent opinion. So the facts are actually very different than Williams. And going back to the state court opinion, the main problem with it is that it ignored the fact that these DNA reports were admitted into evidence, and it skipped over the question of whether they're testimonial. And so I'd suggest the court actually look at these reports. It's an important inquiry that no appellate court has actually done. The state court theoretically had access to these reports because they were trial exhibits, but didn't apparently look at them. And the district court, we know, did not have the DNA reports in front of it either, because Mr. Benjamin was pro se, and he could not put them in the record. Putting that aside for a moment, wasn't there an opportunity for cross-examination on this issue? There was opportunity for cross-examination of the non-testing analyst. However, that analyst didn't supervise the testing. She didn't participate in the testing, and she wasn't present during the actual testing. So the value of cross-examining her was really limited. The defendant could not get to what the tests were actually performed. She was an expert, though. Didn't she qualify as an expert, or was she just a precipient fact witness? The analyst who testified was simply another analyst who worked at Cellmark. She did not participate in this testing, so she's definitely not a precipient witness. Okay, so she had to offer her expert opinion about how to read the report. That's one way to look at it, Your Honor. Does that mean that she was an expert or she wasn't? Did they qualify her as an expert? She was considered an expert. Right. She just gives her opinion based on what was in the report. Your Honor, respectfully, the expertise lies in the ability to conduct the test. Frankly, any expert or possibly any lay witness could read the report into the record, and that's what she did. No, but not any lay witness could interpret the report and give it meaning to the jury. Your Honor, I see my time has expired. May I finish? Sure, go ahead. Your Honor, frankly, there was nothing to interpret in this report. The DNA report itself said these tests were conducted, Mr. Benjamin's DNA was found on the hat present at the scene. There was nothing to interpret. And that report went straight into the record. It was admitted as an exhibit. The jury had it. And the person who testified did none of the actual testing, was not present, was not a supervisor, and that was all in violation of clearly established federal law. Let's just say, well, at the time I'm not sure you're right, but let's just say that all that's true. If there were cross-examination that queried what relevance that might have to other, you know, was there anybody else's DNA on there and all those other kinds of things that could have raised questions in the minds of the jurors, I guess I'm struggling to see how the entry of this information per se creates a confrontation problem. I understand that there was this person who testified had not done the actual analysis, but you could still have gotten to that fact and raised questions about the value of the evidence, right? Your Honor, they were able to ask some questions about the value of the evidence, but the Supreme Court has recognized that the power of cross-examination of forensic experts comes in exploring their own expertise, their training, their ability to conduct the tests. And DNA evidence and testing is certainly an evolving field, and in this case, this was a very complicated sample to analyze. We aren't talking about a single vial of petitioner's blood. It's a mixed sample. It has at least three people, and there were at least five other people who could not be included or excluded as contributors to the DNA that was found on the hat. And all of that could have been asked of the expert, right? The testing expert. That is what the ‑‑ No, I don't mean just the testing expert. The one who put that evidence into the record here. The non-testing expert could simply only read what the testing expert found. And so Benjamin was not able to explore the extent to which those test results may have been due to the poor training of the analyst who actually conducted the test. So you're saying that really the only benefit is attacking that aspect of it, not the fact that there might have been five different people's DNA on the hat ring? The training of the testing analyst is an important part of that. Oh, that's important, but, I mean, there's lots more that you can attack, right? Correct. Okay. Your Honor, briefly, if I may address one issue that I think you brought up. He's the boss. If I may. Yes, one minute. Thank you. Judge Smith, you seemed to indicate at one point that you weren't sure if it was clearly established at the time, this rule. I would simply point the Court back to the text of Melendez-Diaz. There, it's very clear at 311 that where they want to put the reports into evidence, they have to produce the testing analyst. And I would also point you to ‑‑ Well, that's whether or not it's testimonial, right? And the issue of what's testimonial is what was up in the air, correct? In Melendez-Diaz, I think it's clear that these kind of reports were testimonial. And it's also clear, when we even look at the dissent, that the Supreme Court rejected the idea that you could have a second person testify in place of another. Justice Kennedy's dissent. So your position is that if an expert reads the report of a lab analyst, that by definition, without any further qualification, that is testimonial and there must be a right of confrontation of the person who prepared the initial report based upon the law that existed at that time. In other words, prior to Williams. Yes, Your Honor. And again, I'd point you to Justice Kennedy's dissent where he posited that. He said, under the Court's decision today, would it be possible for a lab to have one person sign all the certificates and appear in court? And he says, the Court has already rejected this arrangement. The Court made clear in Davis v. Washington that it will not permit the testimonial statement of one witness to enter into evidence through the in‑court testimony of a second. That's in Melendez-Diaz. Thank you, Your Honor. Thank you, counsel. May it please the Court. Deputy Attorney General Nima Rasfar on behalf of the warden. With respect to the limited remand issue, what the petitioner is attempting to do is in direct contravention of this Court's holding in Beattie. And if our citations were not clear in the brief, in footnote 1, this Court expressly stated that Beattie cannot use Woods to amend his petition after the District Court has ruled and proceedings have begun in this Court. And again, that holding advances the core principles behind AEDPA of finality of judgment and judicial efficiency. Now, going to the issue on the confrontation clause. As this Court is well aware, we examined this issue within the framework of AEDPA and the deference given to the State Court's decision. The State Court relied on Melendez-Diaz. In fact, Melendez-Diaz was decided during the pendency of the appeal, direct appeal. And the State Court highlighted two important distinguishing factors between Petitioner's case and Melendez-Diaz, which Petitioner has not demonstrated why those two differences are unreasonable. And that's the framework that this Court needs to look at. The State Court first noted that there was no objection, and that is a critical distinction between Petitioner's case. Melendez-Diaz emphasized that all Crawford issues must be objected to during trial, and Petitioner's did not do that. The second distinguishing factor is unlike in Melendez-Diaz, where there was absolutely no testimony, no expert rendering any kind of testimony. Here we had testimony from a supervising analyst who was familiar with the test procedures and knew who the analysts were, knew how to read the reports, and was subject to cross-examination. So when the State Court decided this issue, it distinguished Petitioner's case based on these two differences, and it is our position that these two differences made the State Court's decision reasonable in light of Melendez-Diaz. Unless the Court has any questions, I will submit. Do you agree that the impeaching evidence regarding this woman testified that she was paid for her testimony, that that was not disclosed to the defense until a year after the habeas period had run? I'm not privy to that information right now. I believe it's being litigated currently, but even assuming that was the case, that only goes to her testimony and nothing else. It doesn't discount all the other evidence that was before the jury. Well, all the other evidence is pretty thin, including her testimony, but that's a different matter, not to be resolved here, but certainly to be resolved somewhere someday. You don't have a position, I gather, on whether when the State conceals evidence and therefore the defendant can't obtain it when he has to file a habeas petition, whether that has any effect on the timing of the habeas petition? Well, our position is if that is the case, if these claims came up, then Petitioner has an avenue to raise those claims under EPA, and that is to raise it as a second or successive petition. And what are the requirements for a second successive petition? The requirements is that Petitioner must show that he was actually innocent of the charges. And so that by concealing evidence for more than a year, the State can prevent him from getting an ordinary habeas review. He can only be reviewed for actual innocence. Well, Brady has to meet two elements, one that the State withheld evidence, and then that evidence was material. Yes, that doesn't mean actually innocent, does it? Well, whether it's material or not comes under the analysis of a second or successive petition requirement, because... You cannot deprive a defendant of a normal habeas review and require him to prove actual innocence, which is an almost impossible task. Well, I don't believe it's an impossible test. It's almost impossible, so you don't believe it's impossible. The requirement is still subject to... obligation to get a habeas review. He can't get habeas review unless he can prove he's actually innocent. Well, again, we must remember that habeas is an extraordinary relief. Yes, I remember that. Thank you. And within that context, AEDPA gave Petitioner an opportunity to raise those kind of claims that came after the fact. And if Petitioner discovers these claims later on... No, not if he discovers it. If the State's concealing of the claims is exposed, then you think the State should be able to take advantage of that so that the defendant can't get a normal AEDPA review, whatever that's worth. Your Honor, I would point this Court's attention to its decision in Gage v. Chappelle, where this Court held that there was no type of Brady exception, and that AEDPA, the requirements of AEDPA, envisioned that opportunity where those claims, where it reaches that magnitude that Petitioner is still entitled to have his day in court. Counsel, if I understand what you're saying, you're saying that in this particular case, that the issue of whether a Brady violation occurred is being litigated. There's no concession on that. Is that correct in this case? Correct. But on the hypothetical, I gather you're struggling with my colleague's question, because, of course, it raises an issue of fundamental fairness. If the State has actually intentionally concealed important information and you put them to the burden of an SOS, it's troubling. But I gather your position is this is an issue for another day, because we don't have that here yet. This is a contested issue. There's no conceding that there is, in fact, a Brady violation. Is that a fair statement? Yes. Adopted Smith's statement. Sorry, Your Honor. What was that? I said you adopted Smith's statement as yours. Right. Okay. Thank you. Is there anything, any other subject you'd like to address? I will just add that these claims are currently being litigated in State court. Which court issued an OSC? The Court of Appeal or the Los Angeles Superior Court? The Los Angeles Superior Court issued an OSC. So at this stage, what's the status of those proceedings? The status, from what I believe, is the case is currently in discovery and it's set for an evidentiary hearing. All right. Thank you. You're welcome. Yes, you look prepared to… I am prepared if the court will indulge me a minute or two. All right. You can have a minute or two. Your Honors, I have three quick points. On the failure to object for the Confrontation Clause claim, the reason trial counsel didn't object under Melendez-Diaz is because Melendez-Diaz hadn't been decided yet. Direct Appeal Counsel raised that for the first time on direct appeal and noted that at the time, California law allowed for this type of evidence to come in. That was raised in briefing. It's in the Appellant's Supplemental Brief, Lodgement 5 of the District Court Record. Second, you asked whether the state is taking a position on the Brady issue. I would point this court to Motion for Judicial Notice 602. That is the state's informal response to our petition. In that, the state never denies that this information was suppressed. They have simply taken the position that relocation assistance is not a benefit under Brady. It's a legal issue, I think, that will be the main issue in Superior Court. But you, for our purposes, you, I gather, concede we can't take what the government's response is short of an admission as being an admission of a Brady violation at this point. Is that correct? Your Honor, I think you can take judicial notice of the state's position in Superior Court, but the reason they're saying it's not a Brady violation is because, not because of suppression, it's simply that this money was for relocation and that is not a benefit under Brady, according to the District Attorney's Office. Finally, I would simply note that the issues that Judge Reinhart pointed out about the tension between the SOS standard and Brady claims that don't implicate actual innocence, I believe is an open question in the circuit. It was left slightly open in a case called Lopez, a 2255 case. So if the court is going to hold Benjamin to the higher standard or want supplemental briefing, we would request the opportunity to submit that. Thank you, Your Honor. Thank you, counsel. The case to be argued will be submitted.
judges: Reinhardt, Paez, M. Smith